BURTON H. TATOR, Respondent, v. RUTLAND RAILROAD COMPANY, Appellant.

Third Department, November 17, 1927.

Railroads — fences — defendant liable, under Railroad Law, § 52, for injury to stock of adjoining landlord which strayed on track while fence was being rebuilt.

The defendant railroad company is liable for the value of two horses belonging to the plaintiff which were killed by one of defendant's trains. It appears that the railroad fences were being rebuilt along plaintiff's property, that he was advised to keep his cows out of the pasture, that he had so confined the cows to a pasture adjoining, and that two horses broke out of an adjoining pasture during the night time and strayed onto the railroad tracks.

Under section 52 of the Railroad Law, the defendant is liable for failure to keep the railroad fences in good repair, and this liability is fixed without regard to negligence on the part of the defendant or of the plaintiff where the fences are not maintained as the statute requires.

APPEAL by the defendant, Rutland Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 18th day of February, 1927, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of February, 1927, denying defendant's motion for a new trial made upon the minutes.

*Jarvis P. O'Brien*, for the appellant.

*Frederick L. Conklin*, for the respondent.

VAN KIRK, J. The defendant, a railroad corporation, was rebuilding its right of way fence along a field used as a cow pasture which belonged to plaintiff. An employee of defendant had told

the plaintiff that they were about to rebuild the fence and asked him if he would take his cows out of the pasture and keep them out until the fence was repaired; plaintiff replied that he would take the cows out that night. This he did. A pair of horses belonging to plaintiff were in another pasture, which adjoined the cow pasture. There was a barway between the " cow pasture " and the " horse pasture." This barway plaintiff closed when he took his cows from the pasture. The horses in some manner got through this barway into the cow pasture and thence upon the railroad tracks where the right of way fence had been taken down. The horses were killed and the recovery is for their value.

In its answer the defendant alleges that the loss sustained by plaintiff was due solely to the negligence and carelessness of the plaintiff, and this is the only issue presented on this appeal. No defense based upon contract, waiver or estoppel is pleaded. So far as important here section 52 of the Railroad Law (as amd. by Laws of 1915, chap. 281) reads as follows: " Every railroad corporation * * * shall * * * erect and there- after maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands. * * * So long as such fences * * * are not made, or are not in good repair, the corporation * * * shall be liable for all damages done by their agents or engines or cars to any domestic animals thereon. When made and in good repair, they shall not be liable for any such damages, unless negligently or wilfully done." This statute is precise and clear in its meaning. Under it the railroad company is made absolutely liable, without regard to negligence on its part or on that of the plaintiff, if its fences are not maintained as the statute requires. (*Shepard* v. *Buffalo, N. Y. & E. R. R. Co.*, 35 N. Y. 641; *Whaley* v. *Erie R. R. Co.*, 181 id. 448.)

It cannot be urged that plaintiff intentionally put his horses in jeopardy. He in good faith kept his promise made to the employee of the defendant; he kept his cattle from the cow pasture and he turned his horses, not into the cow pasture, but into the adjacent horse pasture, which was completely fenced. There was no negli- gence in so doing, and no other negligence is suggested.

The judgment and order should be affirmed, with costs.

Cochrane, P. J., McCann, Davis and Whitmyer, JJ., concur.

Judgment and order affirmed, with costs.